**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE SHEET METAL | * | |
| WORKERS' LOCAL UNION NO. 100, | * | |
| WASHINGTON, D.C. AREA PENSION | * | |
| FUND, *et al.* | * | |
| Plaintiffs, | * | Civil Action No. 10-cv-02014-AW |
| | * | |
| v. | * | |
| | * | |
| ENGINEERING CONTRACTORS, INC., *et* | * | |
| *al.*, | * | |
| Defendants. | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>MEMORANDUM OPINION</u>

Plaintiffs, trustees of various employee benefit funds governed by the Employee

Retirement Income Security Act of 1974 (ERISA), have moved for summary judgment to

recover delinquent contributions and associated damages from Defendant employers.  Doc. No.

45.  The Court has reviewed Plaintiffs' Motion and accompanying exhibits and concludes that no

hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2011).  For the reasons articulated below, the

Court will GRANT Plaintiff's Motion for Summary Judgment on Damages.

## I.    BACKGROUND

Plaintiffs, hereinafter referred to as the SMW Local 100 Benefit Funds (or simply, the

Funds), are trustees of various employee benefit funds organized under the provisions of

ERISA.[1]  Plaintiffs provide retirement, disability, medical, education, and related benefits to

---

[1] Plaintiffs include Trustees of the Sheet Metal Workers' Local Union No. 100 Washington, D.C. Area Pension
Fund (the Pension Fund); Trustees of the Sheet Metal Workers' Local Union No. 100 401(k) Fund (the 401(k)
Fund); Trustees of the Sheet Metal Workers' Local Union No. 100 Washington, D.C. Area Apprenticeship Trust
Fund (the Apprenticeship Fund); Trustees of the Sheet Metal Workers' Local Union No. 100 Washington, D.C.
Area Vacation Fund (the Vacation Fund); Trustees of the Sheet Metal Workers' Local Union No. 100 Washington,
D.C. Area Recruitment Fund (the Recruitment Fund); Trustees of the Sheet Metal Workers' Local Union No. 100
Washington, D.C. Area Health Benefit Fund (the Health Benefit Fund); the International Training Institute for the

individuals working in the sheet metal industry in Maryland, Virginia, and the District of

Columbia.  The SMW Local 100 Benefit Funds are financed by contributions made by

employers under the terms of collective bargaining agreements with the Sheet Metal Workers'

Local Union 100.

At all relevant times, Defendant Engineering Contractors, Inc. was bound to a Collective

Bargaining Agreement with the Union (hereinafter referred to as the CBA).  The Court

previously determined that Defendant ECI of Washington LLC is the alter ego of Engineering

Contractors, Inc., which ceased operations in May 2010.  Doc. No. 34.  The same result was

affirmed by the National Relations Labor Board after a full evidentiary hearing.  Accordingly,

the labor obligations of Engineering Contractors are carried over to Defendant ECI, and ECI is

bound to the terms and conditions contained in the current CBA.  *See, e.g.*, *Alkire v. N.L.R.B.*,

716 F.2d 1014, 1018 (4th Cir. 1983); *Trs. of Nat'l Automatic Sprinkler Ind. Pension Fund v.*

*Budget Plumbing Corp.*, 111 F. Supp. 2d 716, 719–20 (D. Md. 2001).

The CBA requires that contributions must be made to the Funds for each hour of work

performed by Defendants' employees.  The number of hours worked by each employee under the

CBA is supplied to the Funds by employers on a self-reporting basis in monthly reports called

Contribution Reports.  The total number of hours reported on the Contribution Reports is

multiplied by the applicable hourly contribution rates in the CBA, resulting in the total amount

owed by the employer to the Funds for each month.  In their Motion for Summary Judgment, the

Funds assert that under ERISA and the terms of the CBA and relevant Trust Agreements, they

are entitled to damages on delinquent contributions, as well as related liquidated damages,

---

Sheet Metal and Air Conditioning Industry; the National Energy Management Institute Committee; the Sheet Metal
Occupational Health Institute Trust; and the Sheet Metal Workers' International Association Local Union No. 100.

interest, late fees, and attorney's fees and costs.  Defendants did not timely file a brief in opposition to Plaintiffs' Motion.  The matter is now ripe for the Court's consideration.

## II.     STANDARD OF REVIEW

Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986).  The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence."  *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson*, 477 U.S. at 248.[2]

## III.     ANALYSIS

Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act (MPPAA), "provide specific remedies for the enforcement of federal pension laws and the collective bargaining and trust agreements executed pursuant to these laws."  *Trustees of Glaziers Local 963 v. Walker & Laberge Co.*, 619 F. Supp. 1402, 1403 (D. Md. 1985).  Section 1145 requires employers to make contributions according to the terms of such agreements:

---

[2] Where a party does not file an opposition to a motion for summary judgment, the court must "view the facts in the light most favorable to [the nonmoving party] and evaluate those facts in light of well established law."  *Nukuna v. Supervalu Retail Cos.*, No. JKS-10-3600, 2011 WL 3047654, at *2 (D. Md. July 22, 2011).

> Every employer who is obligated to make contributions to a multiemployer plan
> under the terms of the plan or under the terms of a collectively bargained
> agreement shall, to the extent not inconsistent with law, make such contributions
> in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  Section 1132(g)(2) provides that where a plan prevails in enforcing section

1145, it shall be awarded damages in the amount of unpaid contributions, as well as interest,

liquidated damages, and attorneys' fees.[3]  Interest on unpaid contributions shall be determined by

using the rate provided under the plan, or, if none, the rate proscribed under 26 U.S.C. § 6621.

29 U.S.C. § 1132(g)(2).

Federal common law governs the interpretation and enforcement of ERISA-regulated

agreements and collective bargaining agreements.  *See Firestone Tire & Rubber Co. v. Bruch*,

489 U.S. 101, 110 (1989); *Textile Workers Union v. Lincoln Mills of Ala.*, 353 U.S. 448, 456

(1957); *see also United McGill Corp. v. Stinnett*, 154 F.3d 168, 171–72 (4th Cir. 1998)

(interpretation of ERISA-regulated plans); *Keffer v. H.K. Porter Co.*, 872 F.2d 60, 62 (4th Cir.

1989) (interpretation of collective bargaining agreements).  Courts should interpret ERISA-

regulated pension plans "under ordinary principles of contract law, enforcing the plan's plain

language in its ordinary sense."  *Wheeler v. Dynamic Eng'g, Inc.*, 62 F.3d 634, 638 (4th Cir.

---

[3] The relevant text of section 1132(g)(2) provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section
> 1145 of this title in which a judgment in favor of the plan is awarded, the court ***shall*** award the
> plan--
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
> > (i) interest on the unpaid contributions, or
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20
> > percent (or such higher percentage as may be permitted under Federal or State law) of the
> > amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2) (emphasis added).

1995).  Similarly, in interpreting the terms of a collective bargaining agreement, courts must

"begin by looking at the language of the agreement for any clear manifestation of the parties'

intent."  *Quesenberry v. Volvo Trucks N. Am. Retiree Healthcare Benefit Plan*, 651 F.3d 437,

440 (4th Cir. 2011) (quoting *Keffer*, 872 F.2d at 62).

      1.    <u>Contributions</u>

Defendants do not dispute that contributions are owed to the Plaintiff Funds.  For October

2009, Engineering Contractors submitted Contribution Reports to the Health Benefit Fund

reporting that it owed $14,980.56.  Defendants only paid $14,051.12, leaving a balance of

$929.44.  *See* Winter Aff. ¶ 2.  The Contribution Reports submitted by Engineering Contractors

for February, March, and April 2010 establish that Defendants owe contributions to Plaintiffs in

the amount of $59,483.64 for those months.  *See* Pls.' Summ. J. App. at 43–45.  Finally,

Defendants' payroll records for May 2010 identify additional hours for which no contributions

were made to Plaintiffs.  *Id.* at 143–48.  Based on the formula provided by the CBA, Defendants

owe $9,958.39 for the work performed that month.  *Id.* at 46.  Accordingly, there is no genuine

issue of material fact that Defendants owe contributions to the Plaintiff Funds in a total amount

of $70,371.47.

      2.    <u>Liquidated Damages</u>

There is no dispute of material fact that Plaintiffs are entitled to an award of liquidated

damages based on Defendants' late and unpaid contributions.  As discussed above, liquidated

damages are assessed at the amount stated in the plan, but not to exceed twenty percent.  29

U.S.C. § 1132(g)(2)(C)(ii).  The Funds' Agreements, Declarations of Trust, and Policy for

Collection of Delinquent Contributions provide that liquidated damages shall be assessed at a

rate of twenty percent.[4]  Engineering Contractors agreed to be bound by the twenty-percent

assessment by virtue of Article 12, § 3 of the CBA.  *See* Pls.' Summ. J. App. at 9.  Therefore,

Plaintiffs are entitled to liquidated damages in the amount of $13,862.98.  *See id.* at 47–57;

Shields Aff. ¶ 13; Doc. No. 45-2.

3.    Interest

As discussed above, interest on late or unpaid contributions shall be determined by using

the rate provided by the plan, if such rate is provided.  29 U.S.C. § 1132(g)(2).  Most of the

Plaintiff Funds' Trust Agreements authorize interest in the amount fixed by the Trustees.[5]  In the

Policy for Delinquent Contributions, the Trustees have fixed the interest rate as provided by the

CBA.  Pls.' Summ. J. App. at 62.  Paragraph 11, § 6 of the CBA establishes interest for

delinquent contributions to these Funds at 12% per annum.  *Id.* at 21.  The Trust Agreements for

the remaining Funds do not provide a specific rate of interest.[6]  Under § 1132(g)(2), the interest

rate for the applicable months on delinquent contributions to these plans is 4% per annum.

Accordingly, there is no genuine issue of material fact that the amount of interest owed by

Defendants on the delinquent contributions totals $4,600.95.  *See id.* at 47–57; Shields Aff. ¶ 13;

Doc. No. 45-2.

4.    Late Fees

Paragraph 11, § 3 of the CBA and the Funds' Policy for Collection of Delinquent

Contributions provide that an employer is assessed a $150 fee if it fails to make a payment by the

due date; another $150 at the end of the month in which a payment is due; and an additional

$300 if the employer fails to make its contribution by the fifteenth day of the month following

---

[4] *See, e.g.*, Pls.' Summ. J. App. at 65, 71, 77, 84, 91, 96, 108, 111, and 115.
[5] *See, e.g.*, Pls.' Summ. J. App. at 71 (Pension Fund), 77 (Apprenticeship Fund), 84 (Health Benefit Fund), 96 (401(k) Fund), and 101 (Recruitment Fund).
[6] These Funds are the Sheet Metal Occupational Health Institute Trust, the International Training Institute for the Sheet Metal and Air Conditioning Industry, the National Energy Management Institute Committee.

the month when the contribution is due.  *See* Pls.' Summ. J. App. at 21, 65.  There is no genuine

issue of material fact that Defendants owe $2,400.00 to Plaintiffs for late payments in February

through May of 2010.  *See id.* at 58; Shields Aff. ¶ 14; Doc. No. 45-2.

       5.       Attorneys' Fees and Costs

As discussed, a prevailing party is entitled to recover reasonable attorneys' fees and

costs.  29 U.S.C. § 1132(g)(2)(D).  Recovery is also provided by the CBA, the Policy for

Collection of Delinquent Contributions, and the Funds' Trust Agreements.  *See, e.g.*, Pls.'

Summ. J. App. at 21, 65, 71 (Pension Fund).  Counsel for Plaintiffs has billed 101 hours in

pursuing this action against Defendants.  Hopp Aff. ¶ 4.  The Court concludes that this is

reasonable given the work required in this case, which included drafting the Complaint, motions

practice, and extensive discovery.  *Id.* ¶ 6.  The Court also concludes that the $250 and $265

hourly rate charged by counsel is reasonable given the attorneys' extensive experience in this

field.  *Id.* ¶¶ 2–3; App'x B to Local Rules, Rule 3 (D. Md. 2011).  The Court will therefore

award Plaintiffs $26,435 in attorneys' fees.  *See* Pls.' Summ. J. App. at 121–26.  Plaintiffs have

also incurred reasonable costs of $590.  Hopp Aff. ¶ 7.

It is also not disputed that counsel for Plaintiffs incurred a $250 fee for cancelling a

deposition at the request of Defendants' counsel, and Plaintiffs have not been reimbursed for this

cancellation.  *See id.* ¶ 8; Pls.' Summ. J. App. at 132, 134, and 137.

       6.       Other Dues and Assessments (Count III)

Paragraph 12 of the CBA also requires Defendants to pay certain amounts to the Sheet

Metal Workers' International Local Union No. 100 for dues and assessments.  Pls.' Summ. J.

App. at 22.  Based on the Contribution Reports and payroll documents submitted by the

Defendants, it is not disputed that they owe $4,644.47 to the Union for dues and assessments for

the period from February through May 2010. *Id.* at 43–46; Doc. No. 45-2.  The CBA provides

for an interest rate of 12% per annum on such dues and assessments, which amounts to $63.30.

Pls.' Summ. J. App. at 21, 53; Doc. No. 45-2.

       7.      <u>Offset</u>

In November 2010, Plaintiffs obtained payments in the amount of $88,606.40 from The

Hanover Insurance Company on third party bonds covering Defendants' obligations.  This

amount has been removed from Plaintiffs' Summary of Damages.  *See* Doc. No. 45-2.

## IV.   CONCLUSION

For the foregoing reasons, the Court will GRANT Plaintiff's Motion for Summary

Judgment.  The Court will enter judgment in favor of Plaintiffs in the amount of $34,361.75

against Defendants jointly and severally.  The Court will also enter judgment in favor of

Plaintiffs' attorneys and against Defendants' counsel in the amount of $250.00.  A separate

Order will follow.[7]

    March 21, 2013                                               /s/               
             Date                                          Alexander Williams, Jr.
                                                    United States District Judge

---

[7] In Count II of their Complaint, Plaintiffs claimed they were entitled to an audit of Defendants' records.  Doc. No. 1.  It is apparent from the record that Plaintiffs obtained substantial discovery of Defendants' records in this case, and the Court presumes that Plaintiffs have abandoned Count II as they are requesting that the case be closed.  The Court will therefore dismiss Count II without prejudice.